**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK ADEBOWALE SOGBEIN<br>AND ADEBOLA ADEFUNKE ADEBIMPE,<br><br>Defendants.<br>_____/ | No. CR  12-00054-1 JSW<br>No. CR  12-00054-2 JSW<br><br>**ORDER RE MOTIONS FOR RECONSIDERATION OF REMAND**<br><br>**(Docket Nos. 468, 481)** |

This matter comes before the Court upon the motions for reconsideration of remand filed by Defendants, Patrick Adebowale Sogbein ("Mr. Sogbein") and Adebola Adefunke Adebimpe ("Ms. Adebimpe"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it has had the benefit of oral argument. The Court HEREBY GRANTS Ms. Adebimpe's motion and DENIES Mr. Sogbein's.

On December 4, 2013, a jury convicted both Mr. Sogbein and Ms. Adebimpbe of one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. Sections 1349 and 2 and ten counts of health care fraud and aiding and abetting health care fraud, in violation of 18 U.S.C. Sections 1347 and 2. The jury also convicted Mr. Sogbein of one count of conspiracy to solicit or receive kickbacks involving a federal health care program, in violation of 18 U.S.C. Sections 371 and 2.

Prior to trial, Mr. Sogbein and Ms. Adebimpe had been released pursuant to 18 U.S.C. Section 3142, subject to certain conditions, including electronic monitoring. After the jury

returned its verdict, the Government moved to remand both Mr. Sogbein and Ms. Adebimpe into custody. The Court heard argument from the parties and concluded that neither Mr. Sogbein or Ms. Adebimpe proved by clear and convincing evidence that they did not pose a risk of flight. Accordingly, the Court granted the Government's motion.

Defendants now seek reconsideration of that Order. In support of their motion, Mr. Sogbein and Ms. Adebimpe state that the Pretrial Services Officer, Mr. Manuel Ibanez does not oppose release pending sentencing. This Court's Pretrial Services Office has recommended, as to Ms. Adebimpe, that if the Court releases her, it does so on more restrictive conditions. Ms. Adebimpe and Mr. Sogbein also submit a number of letters from members of their family and church community. Ms. Adebimpe also has proposed additional sureties and is willing to submit an updated financial affidavit.

The Government continues to oppose release, citing the statutory presumption in favor of remand, the fact that both defendants are facing lengthy prison sentences, and the fact that the criminal activity at issue took place over a lengthy period of time.[1] The Government also argues that the Defendants have a history of engaging in fraudulent activity, citing to alleged immigration fraud, and, therefore, cannot be trusted.

Subject to certain exceptions, not applicable in this case, a

> judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). Thus, once a person has been convicted, there is a statutory presumption against release.

The Court finds that Ms. Adebimpe has met her burden to show by clear and convincing evidence she is not a risk of flight if released under section 3142(b) or (c). The Government notes that under the Sentencing Guidelines, Ms. Adebimpe could face a significant prison term.

---

[1] The Government also continues to assert that the defendants pose an ecomonic danger to the community. The Court rejected that argument when it remanded the defendants, and it finds no basis to revisit that conclusion.

2

However, in addition to the reasons set forth on the record, the Court is persuaded by Ms. Adebimpe's argument that she could still be released at a relatively young age. The Court also is persuaded by the fact that friends and family have come forward and are willing to act as sureties on her behalf on an increased financial bond. The Court concludes that these facts give Ms. Adebimpe a strong incentive not to create any further disruptions to her familial relationships.

Accordingly, the Court will GRANT Ms. Adebimpe's motion, and shall release her on the conditions imposed on March 8, 2012, with the following modifications:

1. Ms. Adebimpe's bond shall be set at $300,000, partially secured by Mr. Abimbola Odunela's house and $4,000 case from Ms. Kanyinsola Kuti, and co-signed by Mr. Odunela, Ms. Kuti, and Ms. Isa Wright.

2. Ms. Adebime shall complete a new financial affidavit setting forth her assets, which shall include any assets available to her, and her liabilities. This affidavit shall be filed *ex parte* and under seal and shall be disclosed only to Magistrate Judge Cousins or a pretrial services officer.

3. Ms. Adebimpe shall participate in GPS location monitoring home incarceration and may only leave her residence for court hearings, attorney appointments, verified case related meetings (*e.g.,* probation interview), and necessary medical treatment for herself or her toddler son; and

4. The employment condition shall be deleted.

It is FURTHER ORDERED that the parties shall appear before Magistrate Judge Cousins on Wednesday, January 15, 2014 at 11:00 a.m. for purposes implementing the terms of this Order, in accordance with the rules and procedures of this Court.

Based on the guidelines range presented by the Government, Mr. Sogbein is facing a lengthier sentence than his wife, and the Court finds that the additional arguments raised in his motion do not overcome the presumption in favor of remand. Accordingly, for the reasons set forth on the record on December 4, 2013, and on the record in Court on January 9, 2014, the Court DENIES Mr. Sogbein's motion for reconsideration of the remand order.

1   This matter remains on this Court's calendar on March 6, 2014 at 2:00 p.m. for a hearing
2 on Defendants' motions for judgment of acquittal and new trial.
3   **IT IS SO ORDERED.**
4 Dated: January 10, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE