UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>PATRICK SOGBEIN,<br>　　　　Defendant. | Case No. 12-cr-00054-JSW-1<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 735 |

On December 4, 2013, Patrick Sogbein ("Movant") was convicted by a jury of one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. sections 1349 and 2, one count of conspiracy to solicit or receive kickbacks involving a federal health care program, in violation of 18 U.S.C. sections 372 and 2, and ten counts of health care fraud and aiding and abetting health care fraud, in violation of 18 U.S.C. sections 1347 and 2. (Dkt. No. 467, Jury Verdict.)

On June 17, 2014, the Court sentenced Movant to a term of imprisonment of 144 months, which consisted of 120 months on counts 1 and 3 through 12, which were to run concurrently with one another, and 24 months on count 2, which was to run consecutively to all other counts. The Court also ordered Movant to pay $1,577,426 in restitution, and it ordered Movant to forfeit that amount to the United States. (Dkt. No. 583, Minute Order; Dkt. No. 592, Judgment.)

On September 27, 2017, Defendant moved to vacate his sentence pursuant to 28 U.S.C. section 2255, based on ineffective assistance of counsel. (Dkt. No. 735.) Movant argues counsel was ineffective, because he failed to argue that the amount of loss should be calculated by reference to the actual, rather than the intended loss, failed to submit evidence on the amount of loss, and failed to seek an evidentiary hearing to challenge the amount of loss. Movant also argues

the Court applied an incorrect standard of proof when it calculated the amount of loss.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

22 U.S.C. § 2255. A hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted). The Court finds Movant's claims appear to be colorable and warrant a response from the Government.

The Clerk has served notice on the Government. (Dkt. No. 736.) Accordingly, for the foregoing reasons and for good cause shown:

1. The Government shall file with the Court and serve on Movant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Defendant.

2. If Movant wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on the Government within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: October 10, 2017

_____
JEFFREY S. WHITE
United States District Judge

2