1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,              Case No. 12-cr-00054-JSW-1

         Plaintiff,
8

9            v.                            **ORDER DENYING MOTION FOR
                                           EARLY TERMINATION OF
10   PATRICK ADEBOWLE SOGBEIN,             SUPERVISED RELEASE**

         Defendant.                        Re: Dkt. No. 791
11

12

13          This matter comes before the Court upon consideration of Patrick Sogbein's motion for

14   early termination of supervised release.  The Government opposes the request, and the Probation

15   Officer also does not support termination at this time.  The Court has considered the parties'

16   papers, the Probation Officer's response, relevant legal authority, and the record in this case.  For

17   the reasons that follow, the Court DENIES the motion.

18                                      **BACKGROUND**

19          On September 19, 2013, Mr. Sogbein was charged with conspiracy to commit healthcare

20   fraud, in violation of 18 U.S.C. §§ 1349 and 2 (count one); conspiracy to pay and receive

21   kickbacks involving a federal healthcare program, in violation of 18 U.S.C. §§ 371 and 2 (count

22   two); and health care fraud and aiding and abetting health care fraud, in violation of 18 U.S.C. §§

23   1347 and 2 (counts three through twelve).  On December 4, 2013, a jury found Mr. Sogbein guilty

24   on all counts.

25          Mr. Sogbein's adjusted offense level was thirty, and his criminal history category was level

26   I, resulting in a guidelines range of 97 to 121 months.  On June 17, 2014, the Court sentenced Mr.

27   Sogbein to an above-Guidelines sentence of 144 months in custody, to be followed by three years

28   of supervised release.  The Court also ordered Mr. Sogbein to pay restitution in the amount of

United States District Court
Northern District of California

1   $1,577,426.  (*See* Dkt. Nos. 583, 590, 592.)

2       Mr. Sogbein was released from prison to home confinement in 2020 pursuant to the

3   Coronavirus Aid Relief, and Economic Security Act.  The Bureau of Prisons released him from

4   custody in 2023, and he began his term of supervised release on January 26, 2023.  In support of

5   his motion, Mr. Sogbein provides certificates and letters relating to the classes and programs he

6   completed during his term of incarceration and home confinement, all of which are positive.

7   (Declaration of Kaleigh Ramsey, ¶¶ 3-14, Exs. A-L.)  He also submits a number of letters from

8   family, friends, and work colleagues who attest to the efforts he has made at rehabilitation and

9   who also speak positively of his character.  (*Id.* ¶¶ 16-21, Exs. N-S.)

10      The Court has not received any notice that Mr. Sogbein violated his conditions of

11  supervised release.  In the Probation Officer's response, they note that Mr. Sogbein opened a line

12  of credit without permission, but he was admonished and closed the account of his own accord.

13  (Dkt. No. 800, Response from Probation at 2; Declaration of Elizabeth Vincento, ¶¶ 3-4, Exs. A-

14  B.)  Mr. Sogbein has been making payments to the restitution balance in the amount of $250 since

15  May 2023.

**ANALYSIS**

16

17      A court may,

18          after considering the factors set forth in section 3553(a)(1), (a)(2)(B),
            (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
19
20          terminate a term of supervised release and discharge the defendant
            released at any time after the expiration of one year of supervised
            release, pursuant to the provisions of the Federal Rules of Criminal
21          Procedure relating to the modification of probation, if it is satisfied
            that such action is warranted by the conduct of the defendant
22          released and the interest of justice[.]

23  18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The

24  correct legal standard for deciding a motion to terminate supervised release is set forth in 18

25  U.S.C. § 3583(e).").  Mr. Sogbein bears the burden to show that early termination is appropriate.

26  *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  Mr. Sogbein has satisfied the

27  requirement that he spend at least one year on supervised release, and he is almost halfway

28  through his three year term.

United States District Court
Northern District of California

1    Section 3583(e) permits "a sentencing court ... to respond to changes in the defendant's

2  circumstances that may render a previously imposed condition of release either too harsh or

3  inappropriately tailored to serve the general punishment goals of [Section] 3553(a)." *United*

4  *States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *United States v. Miller*, 205 F.3d

5  1098, 1011 (9th Cir. 2000)); *see also United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).  In

6  *Emmett*, the court emphasized that "[t]he expansive phrases 'conduct of the defendant' and

7  'interest of justice' make clear that a district court enjoys discretion to consider a wide range of

8  circumstances" to determine whether to terminate supervised release.  *Gross*, 307 F.3d at 1044;

9  *accord Miller*, 205 F.3d at 1011.

10    A district court is not required to "'tick off each of the relevant" 3553(a) factors, but it

11  must provide an "explanation that would permit meaningful appellate review and justify the

12  court's conclusion." *Emmett*, 749 F.3d at 822.  Although Mr. Sogbein does not suggest the

13  conditions of his supervised release are imposing any hardship on him, hardship is only one of

14  many factors for the Court to consider.  *Id.* at 819-20.  Therefore, the Court turns to the Section

15  3553(a) factors.

16    The Court held a lengthy sentencing hearing for Mr. Sogbein and his co-defendants.  It has

17  reviewed and considered the transcript of that proceeding in resolving this motion.  As the Court

18  noted throughout that hearing, Mr. Sogbein's crimes were serious and involved Medicare fraud on

19  a large scale.  The Court incorporates its views of the nature and seriousness of the offense and the

20  history and characteristics of Mr. Sogbein by reference.  (Dkt. No. 630, Sentencing Transcript at

21  62:16-67:9.)  The Court's views of Mr. Sogbein's pre-conviction behavior, articulated during

22  sentencing, have been tempered by Mr. Sogbein's post-conviction record, which is commendable.

23  In addition, it seems unlikely that Mr. Sogbein will re-offend or otherwise pose a risk to the

24  public.  That fact weighs in favor of granting his motion.  *See* 18 U.S.C. § 3553(a)(2)(C).

25    The Court recognizes that it did terminate his co-defendant Adebole Adebimbe's term of

26  supervised release early.  However, she was nearing the end of her term of supervised release.

27  The Probation Officer's concerns regarding Mr. Sogbein's financial circumstances convince this

28  Court that he would benefit from additional supervision.  Accordingly, the Court DENIES the

1   motion for early termination.  This ruling is without prejudice to Mr. Sogbein renewing the motion

2   at a later date or if his circumstances change.

3       **IT IS SO ORDERED**.

4   Dated: June 7, 2024

5   _____
    JEFFREY S. WHITE

6   United States District Judge

United States District Court
Northern District of California